**DLD-162**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-1142

JAMIE VASQUEZ-ALCAZAR,
                                                        Appellant
v.

WARDEN DAVE EBBERT

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-09-cv-02233)
District Judge:  Honorable William J. Nealon

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 25, 2010

Before: FUENTES, JORDAN and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 8, 2010)

OPINION

PER CURIAM

        Jamie Vasquez-Alcazar, a federal inmate proceeding pro se, appeals the order of

the United States District Court for the Middle District of Pennsylvania denying the

petition for a writ of habeas corpus he filed pursuant to 28 U.S.C. § 2241.  Because the

appeal does not present a substantial question, we will summarily affirm.

I.

In March 2007, a federal grand jury in the Northern District of Illinois indicted Vasquez-Alcazar, a citizen of Mexico, on one count of illegal reentry into the United States. At that time, he was being detained in a Kane County, Illinois jail on an unrelated state offense. In April 2007, federal authorities borrowed him from state custody pursuant to a writ of habeas corpus ad prosequendum to answer the federal charge. He subsequently pleaded guilty to that charge and, in December 2007, was sentenced to twenty-one months' imprisonment. As part of that judgment, the sentencing court "recommend[ed] that [he] be given credit for time served in federal custody since 4/19/2007, while awaiting trial and disposition of the federal charge against him."

Upon completion of his state sentence on December 2, 2008, Vasquez-Alcazar was transferred to FCI-Allenwood in White Deer, Pennsylvania, to begin serving his federal sentence. The Bureau of Prisons ("BOP") did not credit his federal sentence for the time recommended by the sentencing court, or for any other time during which he had previously been incarcerated. In November 2009, he filed a habeas petition pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania, arguing that the BOP should have credited his sentence for the period of April 19, 2007, through December 2, 2008. He stressed that, if the BOP had applied this credit, he would have already completed his federal sentence. On December 22, 2009, the District Court entered an order denying the

2

petition on the merits.  Vasquez-Alcazar now appeals from that judgment.[1]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a).  We exercise de novo review over the District Court's order denying Vasquez-Alcazar's habeas petition.[2]  See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

In examining Vasquez-Alcazar's claim that his federal sentence should have been credited, we first consider the approximately eight-month period (April 2007 to December 2007) during which federal authorities borrowed him pursuant to the writ of habeas corpus ad prosequendum.  A prisoner detained pursuant to that writ "is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person."  Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002).  Because there is no indication that the State of Illinois relinquished primary jurisdiction over him while the writ was in effect, that period did not apply to his federal sentence.  See id.  That the sentencing court recommended that he receive credit for "time served in federal custody since 4/19/2007, while awaiting trial and disposition of the federal charge against him" does not change this result.  First, only

---

[1]According to the BOP, Vasquez-Alcazar's expected release date, which accounts for good time credits, is June 12, 2010.

[2]Although it appears that Vasquez-Alcazar failed to exhaust his administrative remedies before filing his habeas petition, we may nonetheless affirm the District Court's denial on the merits.  See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000); Maddox v. Elzie, 238 F.3d 437, 442 (D.C. Cir. 2001); cf. 28 U.S.C. § 2254(b)(2).

the BOP may award credit for "time served in detention for the same offense for which the defendant is ultimately sentenced." Id. at 132. Second, the sentencing court's proposed credit is not appropriate here because that time had already been counted toward his state sentence. See 18 U.S.C. § 3585(b).

The other relevant time frame for Vasquez-Alcazar's claim is the approximately one-year period (December 2007 to December 2008) between the imposition of his federal sentence and the commencement of that sentence. Although he spent that time completing the remainder of his *state* sentence, he appears to argue that his federal sentence should nonetheless be credited for that time because his federal and state sentences were to run concurrently. This argument fails, for neither the sentencing court's judgment nor the written plea agreement contains any language indicating that the two sentences were to run concurrently.

In light of the above, Vasquez-Alcazar has failed to show that the District Court erred in denying his habeas petition. Because the appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. Vasquez-Alcazar's motion to summarily vacate and remand, or, alternatively, to issue an expedited briefing schedule, is denied.